Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | VIRGINIA M. KENDALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1804 | **DATE** | 3/21/2012 |
| **CASE TITLE** | Nishith Patel (#2011-0103015) vs. Maretta C. Lake | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days in which to: (1) pay a partial filing fee of $15.33; and (2) submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions. Failure to comply with these directives within 28 days of the date of this order will result in summary dismissal of this case in its entirety.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff Nishith Patel, a recent detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant, a paralegal in the jail's law library, has violated Plaintiff's constitutional rights by threatening to deny him access to the courts and to retaliate against him for his grievances and lawsuits.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed a partial filing fee of $15.33. Plaintiff is directed to pay the reduced filing fee within thirty days of the date of this order.

    Plaintiff must also submit an amended complaint, as the pleading on file does not state an actionable claim.

    Plaintiff alleges that Defendant Lake told him that she disapproved of his lawsuits and vowed to "do whatever it takes in [her] power" to deny Plaintiff legal postage and access to the law library. (Complaint, p. 6.) Plaintiff further alleges that Lake ominously stated that other detainees who were "loyal" to her would not hesitate to injure Plaintiff at her behest in retaliation for his grievances and lawsuits. (*Id.*, pp. 6-7.)

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Plaintiff's disturbing allegations, if true, reflect inappropriate attitude and conduct on the part of Lake. However, the Court discerns no constitutional cause of action on the basis of the facts alleged. "Mere words or threats, however violent, do not amount to an actionable assault under Section 1983." *Nitz v. Doe*, Case No. 08 C 0334, 2010 WL 4823363, *8 (N.D. Ill. Nov. 18, 2010) (Hibbler, J.) (citations omitted). Defendant cannot be held liable on the basis of unrealized threats. Plaintiff can recover only if Defendant actually took steps against him. [Plaintiff is no longer entitled to injunctive relief, of course, as he has been released from jail since filing suit last week. *See, e.g., Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (internal citations and quotations omitted).]

Although Plaintiff uses the legal buzzword "retaliation," he has failed to indicate that Defendant followed through on her threat by taking any action against Plaintiff to punish him for his grievances or lawsuits. Likewise, even if Defendant promised to interfere with Plaintiff's access to the courts, there is no indication that she actually did so. Plaintiff's ability to file this lawsuit (in addition to three others currently pending in this district) "suggest[s] the paradox that ability to litigate a denial of access claim is evidence that the plaintiff has no denial of access claim." *Walters v. Edgar*, 163 F.3d 430, 436 (7th Cir. 1998). In short, unless Plaintiff can point to some alleged retaliatory action by Lake or point out some hindrance she caused to a pending or contemplated lawsuit, he has no tenable claim against her under 42 U.S.C. § 1983.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted 28 days in which to submit an amended complaint. If Plaintiff believes he has an actionable retaliation claim, then he must state what retaliatory action was taken against him; if he wishes to pursue an access-to-courts claim, he must show some quantum of prejudice.

Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to: (1) pay a partial filing fee of $15.33 and (2) submit an amended complaint (plus a judge's copy and service copies) within thirty days, the case will be summarily dismissed, on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.